UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                                                                 :

In Re Application of                                        :     Case No. _____

BANK J. SAFRA SARASIN AG                    :

For an Order to conduct discovery for use in a foreign  :
proceeding.
                                                                     :
-----------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDING

Howard J. Kaplan
KAPLAN RICE LLP
142 West 57th Street, Suite 4A
New York, New York 10019
(212) 235-0300

*Attorneys for Petitioner Bank J. Safara Sarasin AG*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

    A.    Ter Meer's Misleading Disclosures ........................................................................ 2

    B.    Discovery of Ter Meer Conflicts ............................................................................ 3

    C.    The Hague Appeal .................................................................................................. 4

    D.    Need for Discovery ................................................................................................ 5

ARGUMENT .................................................................................................................................... 7

I.    THE PETITION MEETS STATUTORY REQUIREMENTS ........................................... 7

    A.    Statutory Requirements ........................................................................................... 7

    B.    AIG, Inc. Resides in this District ........................................................................... 7

    A.    Petitioner Seeks Evidence in Aid of a .................................................................... 8

    C.    Petitioner Is an Interested Person ........................................................................... 8

    D.    Petitioner Seeks Relevant, Non-Privileged Discovery ........................................... 8

II.    DISCRETIONARY FACTORS FAVOR GRANTING THE PETITION ......................... 9

    A.    AIG, Inc. Is Not a Participant in the Hague Litigation ........................................ 10

    B.    There Is No Indication the Court of Appeal Would Not Be Receptive to Section 1782 Assistance ..................................................................................................... 10

    C.    Bank Sarasin's Petition Does Not Circumvent Foreign Proof-Gathering Restrictions of a Foreign Tribunal ....................................................................... 10

    D.    The Discovery Bank Sarasin Seeks is Not Intrusive or Burdensome ................... 11

CONCLUSION ............................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eco Swiss China Time Ltd. v. Timex Corp.*,
  944 F. Supp. 134 (D. Conn. 1996) .................................................................................. 10

*Euromepa S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995) ............................................................................................ 10

*In re Bank of Cyprus Pub. Co.*,
  2011 WL 223168 (S.D.N.Y. Jan. 21, 2011) ..................................................................... 7

*In re del Valle Ruiz*,
  939 F.3d 520 (2d Cir. 2019) ............................................................................................ 10

*In re Edelman*,
  295 F.3d 171 (2d Cir 2002) .............................................................................................. 7

*In re Gemeinschaftpraxis*,
  2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ............................................................ 10, 11

*In re Honeywell Int'l Inc.*,
  230 F.R.D. 293 (S.D.N.Y. 2003) ...................................................................................... 8

*In re Sveaas,*
  249 F.R.D. 96 (S.D.N.Y. 2008) .................................................................................... 8, 9

*Intel Corp. v. Advanced Micro Devices, Inc..*,
  542 U.S. 241 (2004) ................................................................................................. passim

*Mees v. Buiter*,
  793 F.3d 291 (2015) ........................................................................................ 7, 9, 10, 11

*Minatec Fin. S.a.r.l. v. SI Grp. Inc.*,
  2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) .......................................................................... 10

*ZF Auto. US, Inc. v. Luxshare, Ltd.*,
  596 U.S. 619 (2022) ............................................................................................................. 8

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ passim

**Rules**

Rule 26 of the Federal Rules of Civil Procedure ....................................................................... 9, 11

Petitioner Bank J. Safra Sarasin AG ("Bank Sarasin" or "Petitioner") respectfully submits this memorandum of law in support of its *ex parte* petition pursuant to 28 U.S.C. § 1782 (the "Petition") to take discovery in aid of a foreign proceeding pending in the Hague Court of Appeal in the Netherlands, styled *Bank J. Safra Sarasin AG v. AIG Europe S.A.*, Case No. 200.341.205/01 (the "Hague Litigation"). Specifically, Bank Sarasin seeks discovery of documents and testimony from American International Group, Inc. ("AIG, Inc."), which is headquartered in this district.

## PRELIMINARY STATEMENT

Bank Sarasin commenced a proceeding in the Hague Court of Appeal in the Netherlands to vacate an arbitration award (the "Award") on the ground that it was not made by an independent and impartial arbitral tribunal. Bank Sarasin commenced the arbitration against AIG Europe S.A., Netherlands Branch ("AIG Europe") to obtain coverage under an insurance policy for more than $90 million in losses (the "Arbitration"). The Award denied Bank Sarasin's claims for coverage and awarded AIG Europe more than 18 million euros in attorneys' fees and costs.

After the Arbitration, Bank Sarasin discovered that the arbitrator nominated by AIG Europe, Dutch attorney Jan ter Meer ("Ter Meer"), failed to properly disclose the material relationship between his law firm, Cox Ten Bruggencate, and AIG. Ter Meer's disclosures were misleading and characterized this relationship as occasional and limited in scope. His law firm, however, represented in public disclosures that AIG is a "major client," that AIG is one of four "key clients," and that the firm has a "longstanding relationship" with AIG. As Bank Sarasin has contended in the Hague Litigation, a court proceeding pending in the Netherlands, the relationship and misleading disclosures tainted the arbitration and constitute grounds to vacate the Award under Dutch law.

Despite Bank Sarasin's showing before the Court of Appeal, AIG Europe has refused to produce any information concerning its relationship with Ter Meer or his law firm. Indeed, AIG Europe now claims (implausibly) that it cannot "extract from its systems" how much it has paid Cox Ten Bruggencate. Bank Sarasin therefore seeks this information from AIG Europe's parent company, AIG, Inc., which is the global headquarters of the AIG organization.

The Petition complies with the requirements of 28 U.S.C. § 1782. Petitioner is an interested party in the Hague Litigation, and seeks discovery of relevant, non-privileged material in aid of that proceeding. Discovery is sought from AIG, Inc., a corporation headquartered in the Southern District of New York, which is not a party to the Hague Litigation. Finally, the discovery sought – which is neither unduly burdensome nor intrusive – is unquestionably relevant to the Hague Litigation.

Petitioner respectfully requests that the Court grant its Petition.

## BACKGROUND

### A.　Ter Meer's Misleading Disclosures

Bank Sarasin initiated the Arbitration proceedings against AIG Europe in Rotterdam, the Netherlands, seeking coverage under an insurance policy for losses incurred in connection with customer claims arising out of certain investments in outside funds. The customer claims allege in effect that Bank Sarasin did not conduct appropriate due diligence, and did not disclose the risks of the investments. The insurance policies at issue are governed by Dutch law and the arbitration was administered by the Netherlands Arbitration Institute (the "NAI"). *See* Declaration of Tom Claassens, dated August 26, 2025 ("Claassens Decl."), at ¶ 5.

AIG Europe nominated attorney Jan ter Meer ("Ter Meer") to the Tribunal. *Id.* at ¶ 6. On December 19, 2017, Ter Meer accepted his appointment and made the following disclosures in accordance with the NAI Rules (the "Ter Meer Disclosure"):

2

- His law firm, Cox Ten Bruggencate, "occasionally" represents AIG in transportation and logistics cases.

- Cox Ten Bruggencate is included on AIG's panel "of Dutch law firms for legal services in relation to *Marine Insurance (not for other lines of business)*." (Emphasis added.)

- Ter Meer is currently acting personally for a large number of insurers, including AIG, in a coverage dispute under a professional liability insurance policy. In doing so, Ter Meer is primarily in contact with the "leading insurers," other than AIG and Allianz.

*See* Claassens Decl. at ¶ 7.

These disclosures seem plainly intended to downplay the relationship of Ter Meer and his law firm with AIG, characterizing that relationship as sporadic, and limited to matters concerning marine insurance, transportation and logistics.

Bank Sarasin nominated Willem van Baren to the tribunal. Sjef Huisman was subsequently appointed to the tribunal as the third arbitrator. *See id.* at ¶ 10.

On January 6, 2024, the Tribunal issued the Award denying Bank Sarasin's insurance claims and ordering Bank Sarasin to pay the costs of the Arbitration and AIG Europe's legal fees totaling more than 18 million euros. *See id.* at ¶ 11.

B.  Discovery of Ter Meer Conflicts

After the Award was issued, Bank Sarasin learned that the relationship between Cox Ten Bruggencate and the AIG organization is far more significant than described in the Ter Meer Disclosure. Whereas Ter Meer had represented to Bank Sarasin that Cox Ten Bruggencate acts "occasionally" for AIG and that such representation is limited to matters concerning marine insurance, transportation and logistics, according to disclosures publicly issued by Cox Ten Bruggencate, AIG is a "major client," of the firm, AIG is one of four "key clients," and the firm has a "longstanding relationship" that "[n]ame partners Joeri Cox and Carlijn ten Bruggencate have developed" with AIG. *See* Claassens Decl. at ¶ 12.

3

Cox Ten Bruggencate made these disclosures in the "2020 Legal 500" publication. The Legal 500 publication is compiled on the basis of information provided by the firms themselves: "Each year we write to firms inviting them to provide information on their specialist areas of practice and requesting specific details of work undertaken in the preceding year (some of which will be confidential and not in the public domain)." *See id.* at ¶ 15.

The Legal 500 for Insurance Law lists AIG as a "key client" of Cox Ten Bruggencate in each of the years 2020, 2021, 2022, 2023 and 2024, in both the *insurance* and transportation categories. *See id.* at ¶ 16.

C. The Hague Appeal

On April 8, 2024, Bank Sarasin filed a writ before the Court of Appeal of The Hague in the Netherlands, requesting that the Award be set aside on the grounds of Ter Meer's lack of impartiality and independence (the "Writ"). *See* Declaration of Howard J. Kaplan, dated August 26, 2025 ("Kaplan Decl."), at ¶ 4; Claassens Decl. at ¶ 4-5, 16. As set forth in the Writ, the relationship between Cox Ten Bruggencate and AIG, and the failure to make full disclosure thereof, establish an appearance of bias on the part of the arbitrator and serious doubt about the arbitrator's impartiality and independence. *See* Claassens Decl. at ¶¶ 23, 31-32.

At the time of the Arbitration, Cox Ten Bruggencate was a "boutique" insurance firm with only ten lawyers (including Ter Meer). That AIG was/is a key client and that the firm has a longstanding relationship with AIG indicates that the firm has also received significant revenues from this relationship. Bank Sarasin contends in the Hague Litigation that such a conflict necessarily raises justifiable doubts as to the arbitrator's impartiality and independence, and that the conflict is not waivable. *Id.* As set forth in the Declaration of Tom Claassens, counsel to Bank Sarasin in the Hague Litigation, Bank Sarasin believes that the evidence will support setting aside the Award under Dutch law. *Id.*

4

AIG Europe has refused to disclose any information concerning its relationship with Ter Meer or Cox Ten Bruggencate. *Id.* at ¶ 27. In response to the Writ, AIG Europe has not provided any records showing the compensation paid to Cox Ten Bruggencate during the years leading up to the arbitration and during the arbitration itself. *Id.*

AIG Europe claims it is unable to obtain such information: "AIG has looked at what information it can extract from its systems in the relevant years, but because of the way it keeps records, it cannot get an accurate understanding of how much it paid" Cox Ten Bruggencate. Claassens Decl. at ¶ 27; Kaplan Decl. at ¶ 6. Given that the Award was issued in January 2024, this assertion lacks credibility, but in any event is likely based on the fact that legal invoices are paid through AIG, Inc., whose headquarters are located at 1271 Avenue of the Americas, New York, NY 10020. *See* Claassens Decl. at ¶¶ 2, 27.

D.  Need for Discovery

Under Dutch law each arbitrator must be impartial and independent. This requirement also holds true for arbitrators designated by a party. Arbitrators are required to make full and accurate disclosures regarding their potential conflicts. Failure to have an impartial tribunal threatens the integrity of the arbitral process. *See* Claassens Decl. at ¶ 31.

Bank Sarasin has presented evidence to the Hague Court of Appeal showing that the arbitrator designated by AIG was not impartial. Based on the evidence presented by Bank Sarasin, AIG Europe risks having the Award set aside under Dutch law. It would presumably have been relatively easy for the AIG organization to produce evidence in the Hague Litigation concerning the scope of its relationship with the Cox Ten Bruggencate law firm. Instead, AIG Europe has gone to great lengths to avoid producing such information, including asserting that it cannot find it. *See id.* at ¶ 27-30.

AIG Europe's claim that it does not possess information concerning AIG's relationship with Cox Ten Bruggencate means that even if ordered to provide such information, it will likely claim that the documentation is not in its possession. If discovery is not granted, Bank Sarasin will be severely prejudiced and AIG Europe will have successfully blocked any inquiry into what appears to be a material and influential relationship between AIG and Cox Ten Bruggencate that was concealed from Bank Sarasin. *See* Claassens Decl. at ¶ 33; Kaplan Decl. at ¶ 9.

Bank Sarasin is not seeking documents or information protected by the attorney-client privilege, but rather is seeking nonprivileged information sufficient to show the scope and materiality of the relationship between Cox Ten Bruggencate and AIG from 2014 through April 8, 2024. Bank Sarasin thus seeks authorization to subpoena AIG for the following: (1) All invoices, bills and statements relating to services rendered by Cox Ten Bruggencate to AIG (including affiliates), redacted as appropriate to protect attorney-client communications; (2) Documents sufficient to show all payments by AIG to Cox Ten Bruggencate; (3) Documents sufficient to show the nature of the matters with respect to which Cox Ten Bruggencate provided services to AIG, including without limitation engagement letters, if any; (4) Documents sufficient to show internal AIG approvals for Cox Ten Bruggencate to represent AIG, including the listing of the law firm on AIG panels and other pre-approved lists; (5) Public documents concerning the relationship between Cox Ten Bruggencate and AIG, including without limitation press and/or marketing materials; (6) Communications between any employee of AIG and Ter Meer concerning AIG's designation of Ter Meer in the Arbitration; and (7) All Documents concerning Ter Meer's Disclosure in the Arbitration. *See* Kaplan Decl. at ¶¶ 10-11 & Exh. A.

**ARGUMENT**

I.    **THE PETITION MEETS STATUTORY REQUIREMENTS**

    A.    Statutory Requirements

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a . . . request made, by a foreign or international tribunal or upon the application of any interested person . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

Discovery under Section 1782 is authorized if (i) the discovery is sought from a person who resides or is found in the district of the court to which the application is made; (ii) the discovery is intended for use in a proceeding before a foreign tribunal; and (iii) the application is made by a person interested in a foreign proceeding. In addition, the application should not require disclosure of privileged materials. *Mees v. Buiter*, 793 F.3d 291, 297 (2015).

The scope of discovery available under Section 1782 is determined by the Federal Rules, not foreign law. *Id.* at 302. "Section 1782(a) contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." *Intel Corp. v. Advanced Micro Devices, Inc.*. 542 U.S. 241, 247 (2004).

    B.    AIG, Inc. Resides in this District

In determining Section 1782 jurisdiction, Courts apply a "flexible reading of the phrase 'resides or is found." *In re Edelman*, 295 F.3d 171, 178 (2d Cir 2002). A person or entity with a residence or office in the district "resides or is found" within that district. *See, e.g.*, *In re Bank of*

7

*Cyprus Pub. Co.*, 2011 WL 223168, at *2 (S.D.N.Y. Jan. 21, 2011) (multi-national law firm "has an office in Manhattan and is therefore located in the Southern District of New York").

AIG, Inc., is headquartered and maintains corporate offices at 1271 Avenue of the Americas, New York, NY 10020, which is within the Southern District of New York.

C. Petitioner Seeks Evidence in Aid of a Proceeding Before a Foreign Tribunal

The Court of Appeal of The Hague in the Netherlands is a "foreign or international tribunal." *See ZF Auto. US, Inc. v. Luxshare, Ltd.,* 596 U.S. 619, 627-28 (2022). The Hague Court of Appeal is a nationally regulated court that hears appeals from lower courts in civil, criminal, and administrative cases within its jurisdiction.[1] It has the state power to overturn, modify, or uphold lower court rulings. While it is a Dutch national court, cases involving international law, arbitration awards, and treaty-based disputes may come before it.

D. Petitioner Is an Interested Person

Petitioner is an "interested person" and has standing to bring the instant application pursuant to Section 1782. It is well-established that a named party in a foreign proceeding is an 'interested person' who may invoke § 1782. *Intel,* 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."). Petitioner is the party that filed the Writ commencing the Hague Litigation. *See* Claassens Decl. at ¶ 4; Kaplan Decl. at ¶ 4.

E. Petitioner Seeks Relevant, Non-Privileged Discovery

For purposes of discovery under Section 1782, relevance is broadly construed, and any doubts about relevance must be resolved in favor of discovery. *In re Sveaas,* 249 F.R.D. 96,

---

[1] https://www.government.nl/topics/administration-of-justice-and-dispute-settlement/the-dutch-court-system; https://www.rechtspraak.nl/English/Judicial-system-and-legislation/courts-of-appeal

106-07 (S.D.N.Y. 2008); *see also In re Honeywell Int'l Inc.,* 230 F.R.D. 293, 301 (S.D.N.Y. 2003) ("A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.") (citation and internal quotation marks omitted).  Petitioner seeks documents concerning the relationship between AIG and Cox Ten Bruggencate, the issue at the heart of the Hague Litigation.  The subpoena is narrowly drafted, making only seven requests, and seeks information within AIG, Inc.'s possession, custody or control regarding the relationship between AIG and Cox Ten Bruggencate.

Petitioner makes clear in its subpoena that it is not seeking any material protected by the attorney client privilege.  The subpoena complies with the Federal Rules of Civil Procedure. *See In re Sveaas,* 249 F.R.D. at 106  ("The proper scope of the discovery sought under § 1782, like all federal discovery, is governed by Federal Rule 26(b).").  Petitioner also seeks authorization to serve subpoenas for the production or inspection of additional documents and things and for depositions, as Bank Sarasin may reasonably deem appropriate based upon the review of the documents produced by AIG, Inc.

## II. DISCRETIONARY FACTORS FAVOR GRANTING THE PETITION

A court may consider the following additional factors in connection with a Section 1782 application: (i) whether the person from whom discovery is sought is a participant in the foreign proceeding and subject to discovery in that jurisdiction; (ii) the nature of the foreign tribunal, the character of the foreign proceedings and the receptivity of the foreign tribunal to federal court assistance; (iii) whether the request conceals an attempt to circumvent proof-gathering policies of the foreign tribunal; and (iv) whether the request is unduly intrusive or burdensome. *Mees*, 793 F.3d at 298 (citing *Intel*, 542 U.S. at 264-65).

A. <u>AIG, Inc. Is Not a Participant in the Hague Litigation</u>

The chief purpose of Section 1782 is "to assist foreign tribunals in obtaining relevant information that . . . they cannot obtain under their own laws." *Intel,* 542 U.S. at 262. Discovery under Section 1782 is therefore of greater need when the person from whom discovery is sought is not a participant in the foreign proceeding. *See id.* at 264. AIG, Inc. is not a participant in the Hague Litigation, and therefore this factor weighs in favor of allowing the requested discovery.

B. <u>There Is No Indication the Court of Appeal Would Not Be Receptive to Section 1782 Assistance</u>

The issue of "receptivity" is relevant only where a court finds "authoritative proof" that the foreign tribunal would reject Section 1782 assistance. *See Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1099-1101 (2d Cir. 1995) (requiring "authoritative proof" in the form of "judicial, executive or legislative declarations" that a foreign tribunal would reject Section 1782 assistance). Thus, a foreign tribunal's lack of "receptivity" must be embodied in a definitive directive that it would not accept evidence produced in the United States. *Id.* at 1100. There is no indication that courts in the Netherlands have issued any directives to block discovery produced in the United States. *See, e.g., Mees*, 793 F.3d at 303 n.20 (no contention that "Dutch courts reject the use in litigation of materials obtained through § 1782"); *Eco Swiss China Time Ltd. v. Timex Corp.*, 944 F. Supp. 134, 138 (D. Conn. 1996) (no evidence that Dutch tribunal "has prohibited any discovery or that the law of that jurisdiction in any way prohibits the use of the discovery sought"). Thus, this factor weighs in favor of permitting the requested discovery.

C. <u>Bank Sarasin's Petition Does Not Circumvent Foreign Proof-Gathering Restrictions of a Foreign Tribunal</u>

The third discretionary factor enables courts to determine whether an applicant, in bad faith, is attempting to "circumvent foreign proof-gathering restrictions." *Intel*, 542 U.S. at 264-65; *Minatec Fin. S.a.r.l. v. SI Grp. Inc.*, 2008 WL 3884374, at *8 (N.D.N.Y. Aug. 18, 2008).

Bank Sarasin submits this petition in good faith, seeking to obtain relevant evidence from a non-party that resides in the Southern District of New York for use in proceedings in a foreign court. *See, e.g.*, *In re del Valle Ruiz*, 939 F.3d 520, 534 (2d Cir. 2019); *In re Gemeinschaftpraxis*, 2006 WL 3844464, at *7 (S.D.N.Y. Dec. 29, 2006). AIG, Inc. is not a party to Hague Litigation and therefore is not subject to any proof-gathering restrictions in the Netherlands. Moreover, AIG Europe claims not to have the documents sought.

The third discretionary factor weighs in favor of permitting Bank Sarasin to serve the requested subpoena.

### D. The Discovery Bank Sarasin Seeks is Not Intrusive or Burdensome

According to the final discretionary factor, a court may determine whether the discovery requests are "sufficiently tailored to the litigation issues for which production is sought." *In re Gemeinschaftpraxis*, 2006 WL 3844464, at *8; *see also Intel*, 524 U.S. at 265. "[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in the foreign proceeding. . . . Rather, a district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. The document subpoena Bank Sarasin seeks to serve on AIG, Inc. is narrow and appropriate and without undue intrusion or burden. Bank Sarasin's requests are limited to, and focused on, matters that are directly relevant to the Hague Litigation. Further, the requests seek evidence that is in the possession, custody and control of AIG, Inc. Accordingly, as with the other three discretionary factors, the fourth factor weighs in favor of the requested discovery.

## CONCLUSION

For the foregoing reasons, Petitioner Bank Sarasin, respectfully requests that this Court grant its petition seeking discovery pursuant to 28 U.S.C. § 1782.

Dated: New York, New York
August 26, 2025

Respectfully submitted,

KAPLAN RICE LLP

By: __/s/ Howard J. Kaplan___
Howard J. Kaplan
142 W. 57th Street, Suite 4A
New York, New York 10019
(212) 235-0300

*Attorneys for Petitioner Bank Sarasin*