Case 1:25-mc-00369-MMG   Document 8   Filed 11/13/25   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
IN RE APPLICATION OF BANK J. SARASIN AG      :     25-MC-00369 (MMG)
FOR AN ORDER SEEKING DISCOVERY               :
FOR USE IN A FOREIGN PROCEEDING              :     ORDER
:
------------------------------------------------------------------X

MARGARET M. GARNETT, United States District Judge:

     Bank J. Sarasin AG ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from American International Group, Inc. ("AIG, Inc.") in the form of documents. Applicant seeks documents from AIG, Inc. for use in a proceeding before the Hague Court of Appeal in which Applicant seeks to vacate an arbitration award in favor of AIG's European subsidiary. Dkt. No. 3 ¶ 4. The basis for Applicant's challenge is that the arbitrator failed to fully disclose the relationship between his law firm, Cox Ten Bruggencate, and AIG. *Id.* ¶ 5. Having considered Applicant's submissions, the Court concludes—without prejudice to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed, subject to reconsideration—that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application. *See, e.g., Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

     A district court may grant an application brought under § 1782 if the following conditions are met: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees*, 793 F.3d 291, 297 (2d Cir. 2015).[1] If those statutory requirements are satisfied, the district court must consider the following four discretionary factors: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery request is 'unduly intrusive or burdensome.'" *Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 58 (2d Cir. 2024) (quoting *Intel Corp*, 542 U.S. at 264–65).

     The statutory requirements are met as to Applicant's request. Applicant seeks discovery from AIG, Inc., which is headquartered in this district. *See* Dkt. No. 4 ¶ 2. Because a "corporation is found in the district where it is incorporated or headquartered," *In re Postalis*, No. 18-MC-497 (JGK), 2018 WL 6725406, at *3 n.4 (S.D.N.Y. Dec. 20, 2018), AIG, Inc. is found in this district and the first statutory requirement is met. The second requirement is also met because, the application is made "for use in a foreign proceeding" before a "foreign tribunal," *Mees*, 793 F.3d at 297; Applicant seeks discovery for use in an action before the Hague Court of Appeal, Dkt. No. 4 ¶

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

1, and "[T]he Dutch Appellate Court . . . qualifies as a proceeding in a foreign . . . tribunal," *In re Hulley Enters., Ltd.*, 358 F. Supp. 3d 331, 342 (S.D.N.Y.), *aff'd sub nom. In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62 (S.D.N.Y. 2019). The third requirement is also met because, as a party to the foreign proceeding, Dkt. No. 5 at 8, Applicant is an "interested person" for purposes of § 1782. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782."). Accordingly, the application satisfies each of the statutory requirements.

The *Intel* factors also weigh in favor of granting Applicant's requests. The first *Intel* factor is whether the entity from which discovery is sought is a participant to the foreign proceeding. "If a respondent is a participant, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020). Here, AIG, Inc. is not a party to the Hague Litigation. Dkt. No. 3 ¶ 7. Because Applicant seeks "evidence . . . from a nonparticipant in the matter arising abroad," the first factor weighs in its favor. *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d at 176. The Second factor also weighs in favor of Applicant because the record evidence does not suggest that the Hague Court of Appeal would not be receptive to the discovery sought. Dkt. No. 5 at 10; *see also In Re Application Of Mammoet Salvage, B.V. for an order to Take Discovery for use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782*, No. 23-MC-00073 (LJL), 2025 WL 3009507, at *16 (S.D.N.Y. Oct. 28, 2025) ("[I]n prior proceedings, French and Dutch courts have been found receptive to evidence procured through Section 1782"). Similarly, the third *Intel* factor weighs in Applicant's favor because there is no evidence in the record that Applicant seeks to "circumvent foreign proof-gathering restrictions." *Frasers Grp. PLC*, 95 F.4th at 58. Instead, Applicant seeks discovery from a non-party to the foreign proceeding that is found in this district. Dkt. No. 4 ¶ 27–30.

Finally, the discovery is not unduly obtrusive or burdensome. "A district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. "In this context, Rule 26 contemplates that discovery requests be tailored to seek information relevant to the parties' claims and defenses and proportional to the needs of the case." *In re SBK Art LLC*, No. CV 24-MC-0147 (PAE) (RFT), 2024 WL 4264893, at *17 (S.D.N.Y. July 30, 2024), *report and recommendation adopted sub nom. In re SBK ART LLC*, No. 24-MC-0147 (PAE) (RFT), 2025 WL 1537474 (S.D.N.Y. May 30, 2025). Here, Applicant seeks non-privileged documents concerning the relationship between AIG, Inc, or any of its subsidiaries or affiliates, and the law firm Cox Ten Bruggencate.[2] Dkt. No. 5 at 8. Specifically, Applicant seeks (i) billing statements by Cox Ten Bruggencate to AIG, Inc. or any of its subsidiaries or affiliates; (ii) records of payments by AIG, Inc. or any of its subsidiaries or affiliates to Cox Ten Bruggencate; (iii) documents showing the nature of each matter for which Cox Ten Bruggencate represented AIG, Inc. or any of its subsidiaries or affiliates; (iv) documents showing internal approvals by AIG, Inc. or any of its subsidiaries or affiliates for Cox Ten Bruggencate to represent AIG, Inc. or any of its subsidiaries or affiliates, including the inclusion of Cox Ten Bruggencate on any pre-approved list; (v) Non-privileged Documents concerning the relationship between Cox Ten Bruggencate and AIG, Inc. or any of its subsidiaries or affiliates; (vi) Communications between any employee of AIG, Inc.

---

[2] Applicant represents that it requests only non-privileged material. Dkt. No. 5 at 1. Nothing in this Order should be construed as requiring the production of information protected by the attorney-client or any other applicable privilege.

or any of its subsidiaries or affiliates and the arbitrator who presided over the arbitration at issue; and (vii) Documents concerning the arbitrator's disclosure. *See* Dkt. No. 3-1 at 4–5. These documents as a whole are clearly relevant to the foreign proceeding because the central issue in that proceeding is whether the relationship between Cox Ten Bruggencate and AIG should lead to dismissal of an arbitration award. *See* Dkt. No. 4-1 at 4. Furthermore, they are proportional to the needs of the case because they do not appear likely to sweep in information broader than necessary to support Applicant's claims.

Accordingly, the application is GRANTED. Applicant's counsel, Howard J. Kaplan, is authorized to serve the subpoena for documents attached as Exhibit A to the Declaration of Howard J. Kaplan, Dkt. No. 3-1, on AIG, Inc. together with a copy of this Order, no later than **thirty days** from the date of this Order. No later than **the same date**, and *before* serving the subpoena on Respondent, Applicant shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and Practices in Civil Cases, (https://nysd.uscourts.gov/hon-margaret-m-garnett). If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is respectfully directed to terminate Docket Nos. 1, 2–5, and 7 and to close this case.

SO ORDERED.

Dated: November 13, 2025
      New York, New York

MARGARET M. GARNETT
United States District Judge